# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIME PEACE EQUINE, INC., and DR. LISE LUND, <br><br> Plaintiffs. <br><br> v. <br><br> SANTANDER BANK, N.A., <br><br> Defendant. | No. 4:17-CV-01561 <br><br> (Judge Brann) |

## MEMORANDUM OPINION

### JANUARY 18, 2018

Defendant Santander Bank, N.A., moved to dismiss the complaint filed by Plaintiffs Time Peace Equine, Inc. and Dr. Lise Lund. For the reasons that follow, that motion is granted.

## I.   BACKGROUND[1]

On June 14, 2004, Plaintiff Time Peace Equine, Inc. ("Time Peace") borrowed $15,000 from Sovereign Bank, a fully-owned subsidiary of Defendant Santander Bank ("Santander").[2] The loan was 50% guaranteed by the United States Small Business Administration, and was secured by a lien on Time Peace's

---

[1] When considering a motion to dismiss for failure to state a claim, a court assumes the truth of all factual allegations made in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The material in this section, then, is taken entirely from Plaintiffs' Complaint, ECF No. 1, Ex. A, and is presumed true for present purposes.

[2] ECF No. 1, Ex. A ¶¶ 4, 6.

business assets as well as the personal guaranty of Plaintiff Dr. Lise Lund.[3] Sovereign Bank filed a UCC financing statement reflecting this loan with the Pennsylvania Secretary of State on August 18, 2004.[4]

A dispute arose between the parties vis-à-vis this loan, which was settled by an agreement signed on October 4, 2007 ("Settlement Agreement").[5] The Settlement Agreement allowed Time Peace to satisfy its obligation to Sovereign Bank for $5,400, paid in monthly installments of $300,[6] and correspondingly released Sovereign Bank from "all claims, counterclaims, actions," etc., that "relat[e] to" or "concern[]" the loan.[7]

Time Peace completed payment of the monthly installments in February 2009, and in April 2009—after being contacted by Time Peace's attorney—Sovereign Bank admitted in writing that the Settlement Agreement was "paid in full" and that the "matter [wa]s resolved."[8] Nevertheless, Sovereign Bank did not terminate the UCC financing statement filing, and in fact filed a continuation of it in July 2009.[9]

---

[3] *Id.* ¶ 8.
[4] *Id.* ¶ 10.
[5] *Id.* ¶ 12.
[6] *Id.* ¶ 13.
[7] ECF No. 1, Ex. C to Ex. A ¶ 3.
[8] ECF No. 1, Ex. A ¶¶ 15-19, Ex. F. to Ex. A.
[9] ECF No. 1, Ex. A ¶ 20.

Consequently, Dr. Lund sued Sovereign Bank in the Court of Common Pleas of Lycoming County, bringing, *inter alia*, a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[10] In April 2012, that court dismissed Dr. Lund's UTPCPL claim after finding that Sovereign Bank's loan to Plaintiffs "was commercial and not personal in nature," since the UTPCPL "does not apply to commercial transactions."[11] Sovereign Bank subsequently terminated the UCC financing statement filing in June 2013, but inexplicably renewed it on May 21, 2014.[12]

On August 19, 2016, Time Peace billed Santander Bank $68,971 for "use of Time Peace Equine, Inc.[,] corporate property . . . from June 7, 2013[,] to August 19, 2016[,] inclusive."[13] The bill reflects a $50 "[p]erdiem fee" for 1,169 days, totaling $58,450, and $10,521 worth of "[f]inance [c]harges."[14] Neither the

---

[10] ECF No. 5, Ex. D (April 10, 2012 Order of the Court of Common Pleas of Lycoming County). Although this Order was not attached to Plaintiffs' Complaint, this Court may consider it when ruling on Santander's Motion to Dismiss. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in a complaint.")

[11] ECF No. 5, Ex. D.

[12] ECF No. 1, Ex. A ¶ 22.

[13] ECF No. 1, Ex. G to Ex. A.

[14] *Id.*

complaint nor the bill indicates what "corporate property" was used by Santander, and it is unclear how the $50 fee was determined.[15]

On July 27, 2017, Plaintiffs initiated the instant suit by filing a complaint in the Court of Common Pleas of Lycoming County.[16] In Count I of their Complaint, a breach of contract claim, they argue that Santander breached an unspecified "agreement" between the parties by "continuing to list [Time Peace] as a debtor under the UCC filing with the Department of State."[17] In Count II, Plaintiffs argue that Santander has been unjustly enriched by its failure to pay the August 19, 2016 bill for $68,971 and by its failure to pay anything "back as a result of settlement of the agreement in the face of the conviction, in 2010, of Janice L. Posey for multiple felony theft and related crimes committed against" Time Peace.[18]

Count III of Plaintiffs' Complaint, a claim under the UPTCPL, simply states that it is possible to violate the UPTCPL,[19] that a plaintiff may recover treble

---

[15] The Complaint indicates that the bill reflected "the stipulated rate of $50 per day," ECF No. 1, Ex. A ¶ 25, but does not indicate who "stipulated" to that rate.

[16] ECF No. 1, Ex. A.

[17] *Id.* ¶¶ 27-31.

[18] *Id.* ¶¶ 32-35. This is the first time the Complaint mentions Ms. Posey. Later, the Complaint alleges that Ms. Posey was "an officer employee, and limited partner in Time Peace" and a co-signer on the original loan, and that she "engaged in financial malfeasance and criminal activity against [the] Plaintiffs that had decimated [Time Peace] financially." *Id.* ¶ 47. The Complaint also alleges that Ms. Posey had "deplorable personal credit," and that she "abuse[d] . . . [Time Peace's] finances and [Dr. Lund's] excellent personal credit." *Id.* ¶ 57.2. From these scant allegations, it is unclear who Ms. Posey was and what her allegedly criminal or unethical activities were.

[19] *Id.* ¶ 37.

damages and attorneys' fees under that law,[20] and that Dr. Lund "has retained legal counsel and will be responsible for legal fees as yet undetermined."[21] The Complaint does not, however, elucidate any theory under which Santander has violated that law.

In Count IV, a defamation claim, Plaintiffs argue that Santander defamed them (1) by "falsely qualifying Plaintiffs for SBA lending and going on to 'settle' the falsely imposed debt"[22]; (2) by filing the UCC financing statement;[23] and (3) by "fail[ing] . . . to reveal to Plaintiffs[] financial malfeasance and criminal activity occurring within [Time Peace] that was evidence by credit checks made to secure the" loan.[24]

And finally, in Count V, a negligence claim, Plaintiffs argue that Santander acted negligently when it, *inter alia*, (1) "fail[ed] . . . to reveal [Time Peace's] lack of financial viability, damaged credit, excess debt, and repeated failure to pay federal taxes" when Sovereign Bank made the initial loan;[25] (2) "fail[ed] . . . to reveal Janice L. Posey's deplorable personal credit, and her abuse, including criminal activity, of [Time Peace's] finances and [Dr. Lund's] excellent personal

---

[20] *Id.* ¶¶ 38-39.

[21] *Id.* ¶ 40.

[22] *Id.* ¶ 42.

[23] *Id. ¶ 43.*

[24] *Id.* ¶ 46.

[25] *Id.* ¶ 57.1.

credit";[26] (3) "fail[ed] . . . to recognize that the Plaintiffs had been improperly qualified" for the loan;[27] (4) "fail[ed] . . . to assume . . . liability [for the loan] and instead offer" the Settlement Agreement "under circumstances of deception, coercion[,] and threats directed at" Dr. Lund;[28] (5) "fail[ed] to honor the" Settlement Agreement;[29] and (6) filed the UCC financing statement.[30]

Santander removed the suit to this Court on August 31, 2017,[31] and moved to dismiss Plaintiffs' Complaint on September 7, 2017.[32]

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[33] a court assumes the truth of all factual allegations in a plaintiff's complaint and draws all inferences in favor of that party;[34] the court does not, however, assume the truth of any of the complaint's legal conclusions.[35]

---

[26] *Id.* ¶ 57.2.

[27] *Id.* ¶ 57.3.

[28] *Id.* ¶ 57.4.

[29] *Id.* ¶ 57.5.

[30] *Id.* ¶ 57.6.

[31] ECF No. 1.

[32] ECF No. 4.

[33] Federal Rule of Civil Procedure 12(b)(6).

[34] *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008).

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

If a complaint's factual allegations, so treated, state a claim that is plausible—*i.e.*, if they allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[36]

### B. Whether Plaintiffs Adequately Alleged Their Breach of Contract Claim

Santander argues that Plaintiffs have not adequately alleged their breach of contract claim because they have not alleged any damages resulting from the breach, as is required under Pennsylvania law.[37] This Court agrees.

Plaintiffs note that their Complaint alleges that Plaintiffs "billed [Santander] at the stipulated rate of $50 per day for the use of [Time Peace's] property."[38] This allegation is insufficient.[39] As noted *supra*, it is unclear what this bill reflects, and equally unclear how it is causally related to any alleged contractual breach by Santander. And a plaintiff may not, of course, manufacture damages out of thin air by simply "bill[ing]" a defendant for an arbitrary amount.

---

[36] *Id.*

[37] *Brader v. Allegheny General Hosp.*, 64 F.3d 869, 878 (3d Cir. 1995) ("In order to state a claim for damages arising from a breach of contract, a plaintiff must also plead damages resulting from the alleged breach. This is a natural extension of the general rule that damages for breach of contract are not recoverable unless there is a causal relationship between the breach and the loss.") (internal quotation marks and citations omitted).

[38] ECF No. 1, Ex. A ¶ 25.

[39] In their Brief in Opposition to Defendant's Motion to Dismiss, ECF No. 8, Plaintiffs discuss how they have been damaged "in numerous ways" *not* identified in the Complaint. *Id.* at 9-13; s*ee, e.g., id.* at 12 (alleging that Dr. Lund "has also been physically damaged by having to accept health insurance with higher and higher deductibles"). Because these allegations do not appear in the Complaint, this Court may not consider them. *See Bruni v. City of Pittsburgh*, 824 F.3d 353, 360-61 (3d Cir. 2016).

Therefore, Count I will be dismissed. Plaintiffs, however, may amend their Complaint to cure the identified deficiency.

### C. Whether Plaintiffs' Unjust Enrichment Claim is Barred by the Existence of a Written Contract Between the Parties

Santander argues that Plaintiff's unjust enrichment claim should be dismissed because it is based on the allegation that Santander breached the Settlement Agreement. This Court agrees.

Under Pennsylvania law, an unjust enrichment claim cannot be sustained "when the parties have an express agreement dealing with the same subject."[40] Plaintiffs' Complaint clearly notes that the unjust enrichment claim is based in part on the fact that Time Peace "paid the sum of $5,400 to settle the aforesaid agreement"—*i.e.*, the Settlement Agreement.[41] Therefore, Count II will be dismissed with prejudice.

### D. Whether Plaintiffs' UPTCPL Claim is Barred by Collateral Estoppel

Santander argues that Plaintiffs' UPTCLP claim is barred by collateral estoppel. That doctrine states that "once an issue is actually and necessarily

---

[40] *Mill Run Associates v. Locke Property Co.*, 282 F.Supp.2d 278, 293 (E.D. Pa. 2003).

[41] In their Brief in Opposition to Defendant's Motion to Dismiss, ECF No. 8, Plaintiffs assert that their unjust enrichment claim "is based on the allegation that [Santander] did not have a valid contract because [it] negligently failed to release the SBA guarantee before offering and claiming to have provided 'full and final satisfaction' of the subject debt obligation to Plaintiffs . . . ." *Id.* at 14. This allegation does not appear in the Complaint, however, and therefore cannot be considered. *See Bruni*, 824 F.3d at 360-61.

determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."[42] The doctrine applies when "(1) the issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action."[43]

As noted *supra*, the Court of Common Pleas of Lycoming County previously dismissed a UTPCPL claim by Dr. Lund against Sovereign Bank after finding that the $15,000 loan "was commercial and not personal in nature." Plaintiffs do not attempt to show that any of the four prerequisites to collateral estoppel have not been met; instead, they attempt to reargue the already-decided issue in front of this Court.

Because the state court's resolution of this issue was central to its dismissal of Dr. Lund's prior UPTCLP claim, Plaintiffs are collaterally estopped from raising it again here. Therefore, Count III will be dismissed with prejudice.[44]

---

[42] *Howard Hess Dental Laboratories, Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 247 (3d Cir. 2010).

[43] *Id.* at 247-48.

[44] There is another basis on which to dismiss this claims: Plaintiffs have failed to allege that they justifiably relied on any of Santander's actions. *See Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) ("a private plaintiff pursuing a [UTPCPL] claim must prove justifiable reliance").

### E. Whether Plaintiffs' Defamation Claim is Barred by the Statute of Limitations

Santander argues that Plaintiffs' defamation claim is barred by the statute of limitations, which is one year for such claims.[45] This Court agrees. The latest allegedly defamatory action identified by Plaintiffs is the May 21, 2014 renewal of the UCC filing statement. Because that action occurred more than one year before Plaintiffs filed their Complaint, it may not serve as the basis for Plaintiffs' defamation claim. Therefore, Count IV will be dismissed with prejudice.

### F. Whether Plaintiffs' Negligence Claim is Barred by the Statute of Limitations or the Gist of the Action Doctrine

Santander argues that Plaintiffs' negligence claim is barred by the statute of limitations, which is two years for such claims.[46] This Court agrees, at least to the extent that Plaintiffs' negligence claim is based on any action occurring before July 27, 2015—two years before this suit was initiated. Therefore, Plaintiffs' negligence claim is dismissed with prejudice to the extent it is based on (1) Santander's alleged "failure . . . to reveal [Time Peace's] lack of financial viability, damaged credit, excess debt, and repeated failure to pay federal taxes" when Sovereign Bank made the initial loan;[47] (2) Santander's alleged "failure . . . to reveal Janice L. Posey's deplorable personal credit, and her abuse, including

---

[45] 42 Pa. C.S. § 5523.

[46] 42 Pa. C.S. § 5524.

[47] *Id.* ¶ 57.1.

criminal activity, of [Time Peace's] finances and [Dr. Lund's] excellent personal credit";[48] (3) Santander's alleged "failure . . . to recognize that the Plaintiffs had been improperly qualified" for the loan;[49] (4) Santander's alleged "failure . . . to assume . . . liability [for the loan] and instead offer" the Settlement Agreement "under circumstances of deception, coercion[,] and threats directed at" Dr. Lund;[50] or (5) Santander's alleged filing or renewal of the UCC financing statement.[51]

Santander also argues that Plaintiffs' negligence claim is barred by the "gist of the action doctrine." Again, this Court agrees. Under Pennsylvania law, "whenever a plaintiff's complaint sets forth allegations which substantially constitute assertions of the defendant's complete failure to perform duties originating from a contract . . . the plaintiff's action will be deemed to be a breach of contract," not a tort claim.[52] Therefore, Plaintiffs' negligence claim is dismissed with prejudice to the extent it is based upon Santander's alleged "failure to honor" the Settlement Agreement.[53]

Plaintiffs fail to identify any other basis on which their negligence claim is based. Therefore, Count V will be dismissed with prejudice, but Plaintiffs may

---

[48] *Id.* ¶ 57.2.

[49] *Id.* ¶ 57.3.

[50] *Id.* ¶ 57.4.

[51] *Id.* ¶ 57.6.

[52] *Bruno v. Erie Ins. Co.*, 630 Pa. 79, 104 (2014).

[53] *Id.* ¶ 57.5.

amend their Complaint to show that this claim should not be barred by the gist of the action doctrine.

## III. CONCLUSION

For the reasons stated above, Santander's Motion to Dismiss is granted. Plaintiffs, however, will be granted leave to amend their complaint as indicated.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge